STATE, RESPONDENT, v. BROADBENT ET AL., APPELLANTS.

(No. 1,832.)

AT CHAMBERS.

In the matter of the petition of William Broadbent and John Donaldson for a certificate of probable cause for their appeals.

(Submitted June 30, 1902.    Decided July 2, 1902.)

*Criminal Law—Appeal — Stay of Judgment — Certificate of Probable Cause — Issuance by Supreme Court Justice — Statutes.*

1. *Held,* that on the hearing of an application, under Penal Code, Section 2278, to a justice of the supreme court, for a certificate of probable cause, where the state contended that Section 2278 was unconstitutional, on the ground that the grant by Section 3 of Article VIII of the Constitution of jurisdiction to a justice amounted to the withholding of other authority, the constitutionality would not be determined, but the statute would be presumed valid.

2. A petition to a justice of the supreme court for a certificate of probable cause stated that the certificate was refused by the district judge, as appeared by the record in the transcript. The petition was not verified by oath. *Held,* that a contention that the petition failed to show refusal of the district judge was of no avail, since, while the recital as to refusal was no part of the record on appeal, it might be considered because a certified order containing a recital of such refusal was presented.

3. Petitions to a justice of the supreme court for certificates of probable cause must hereafter be verified by the oath of the petitioner, or of some person in his behalf.

4. No appeal lies from a refusal of a district judge to grant a certificate of probable cause.

5. When the transcript discloses a fairly debatable question the solution of which in defendant's favor by the supreme court would necessitate a reversal, a certificate of probable cause will be granted.

WILLIAM BROADBENT and James McDonald were convicted of the crime of grand larceny in the district court of Dawson county. From the judgment of conviction and an order refusing them a new trial, they appealed. Application for a certificate of probable cause presented to MR. JUSTICE PIGOTT at chambers. Certificate granted.

*Mr. O. F. Goddard, Mr. Sydney Sanner,* and *Mr. William Wallace, Jr.,* for Appellants.

*Mr. James Donovan, Attorney General,* for the State.

MEMORANDUM OPINION.

MR. JUSTICE PIGOTT: Broadbent and Donaldson were convicted of the crime of grand larceny in the district court of the county of Dawson. Judgment of conviction was entered on the third day of March, 1902, from which, and an order refusing them a new trial, they have appealed to the supreme court. By the judgment each of them was sentenced to the term of eight years at hard labor in the state prison, and they are now in that prison. The transcript on the appeals is on file in the office of the clerk of the supreme court.

On the 14th day of June, 1902, through their counsel, they presented to me a petition for a certificate of probable cause for their appeals, which I directed to be served by copy upon counsel for the state, and set the hearing for the 23d day of June. The petition and a copy of the order were duly served upon the attorney general who, on the day set for the hearing, asked that it be postponed to the 30th day of June. This was acceded to, and on that day the petition was submitted on briefs.

1. The attorney general challenges the jurisdiction of justices of the supreme court to entertain the petition. He suggests that the jurisdiction granted by Section 3 of Article VIII of the Constitution of Montana does not confer upon a justice the power which the applicants ask me to exercise. His contention is that the grant by Section 3 of jurisdiction to a justice is, or amounts to, a withholding of other authority, and that such an application as the one now made is cognizable only by the court as distinguished from its justices. He therefore suggests that Section 2278 of the Penal Code, which provides that a justice of the supreme court may issue a certificate of probable cause, conflicts with Section 3, *supra,* of the Constitution. Since the submission of the application I have not had the time or the opportunity to consider the point save in a somewhat cur-

sory way. I am not impressed with the suggestion of the attorney general that the section is obnoxious to the constitution; but even if I were so impressed, it would be necessary that I should be satisfied of its unconstitutionality before I could be justified in declaring it void. A mere doubt of validity, or an inclination of opinion towards the view that it is violative of the organic law, is not enough to warrant the annulment of a solemn act of the legislative assembly. Upon a summary application of this sort I am not disposed to investigate and decide the question, but prefer to assume the validity of the statute. The matter may be agitated at another time and in some other proceeding.

2. To the petition further objection is made by the attorney general on the ground that it does not appear therefrom that the judge of the district court where the conviction was had, refused a certificate of probable cause. The petition states that the petitioners applied to the district judge for such certificate, pusuant to Section 2278 of the Penal Code, and that it was by the district judge refused "as appears of record in the transcript filed in this court." The petition is not verified by the oath of any one; but by reference to the transcript on appeal the fact that such certificate was refused lamely and informally appears. True, the recital concerning the refusal of such certificate is not part of the record on the appeals and should not have been inserted in the transcript; but as a certied copy of the order containing it is before me, I may, doubtless, without impropriety consider the recital as evidence of the refusal of the judge.

Hereafter applications to a justice for certificate of probable cause must be verified by the oath of the petitioner or of some person in his behalf.

3. Another reason advanced by the attorney general for the denial of the petition is that, under Section 2272 of the Penal Code, an appeal lies from the refusal of the district judge to grant the certificate. Suffice it to say that such refusal is not appealable. The application for a certificate of probable cause

must first be made to the district judge; when refused by him, it may be made to a justice of the supreme court.

4. Of the questions which, as the transcript shows, the petitioners seek to present on their appeals, one at least is fairly debatable; by this I mean that to the unprejudiced judicial mind a solution of the question against the appellants is not so easy that, upon mere inspection, the question itself may be characterized as frivolous and their contention as plainly untenable. I am not prepared, therefore, to say that the appeals are palpably devoid of merit. The certificate prayed for will be granted.